The Honorable John H. Chun

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10 | CHRISTOPHER BROWN, *et al.*, on behalf of themselves and all others similarly situated,

Case No. 2:22-cv-00965-JHC

11

12 | Plaintiffs,

**STIPULATED MOTION AND PROTECTIVE ORDER**

13 | v.

NOTE ON MOTION CALENDAR:
October 12, 2023

14 | AMAZON.COM, INC., a Delaware corporation,

15 | Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28



Plaintiffs Christopher Brown, Scott Graeber, Laura Loes, Leticia Shaw, and David Atwood and Defendant Amazon.com, Inc. jointly stipulate and agree to the entry of a protective order as described below:

## 1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby petition the Court to enter the following Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. The availability of protection pursuant to this Protective Order does not preclude a party from withholding information protected by any applicable privilege. Nothing in this Protective Order shall restrict in any way the right of a Producing Party to disclose or make use of its own documents or Discovery Material. Under LCR 26(c)(2), the parties began with the District's Model Protective Order, and have identified departures from the model in a redlined copy, attached as Exhibit 1.

## 2.      DEFINITIONS

2.1      <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>Counsel (without qualifier)</u>: Outside Counsel of Record, In-House Counsel, and their support staff.

2.3      <u>Designating Party</u>: the producing Party or Non-Party designating documents or information as Protected Information under this Order.

2.4      <u>Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.



2.5     Expert: A person with specialized knowledge or experience in an area pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6     Industry Expert: An Expert whose specialized knowledge or experience derives from personal experience in the industries and markets pertinent to the litigation and who satisfies the other criteria for the definition of Expert.

2.7     In-House Counsel: Attorneys (and their support staff, including legal secondees and economists) who are employees or contractors of a Party and whose responsibilities include overseeing, working on, or supporting this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: Attorneys who are retained to represent or advise a Party to this action..

2.10    Party: Any Party to this action, including all its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.11    Producing Party: A Party or Non-Party that produces Discovery Material in this action.

2.12    Protected Material: Any Discovery Material that is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.13    Receiving Party: A Party that receives Discovery Material from a Producing Party.

3.      PROTECTED MATERIAL

3.1     "CONFIDENTIAL" Material: Documents and tangible things that may be produced or otherwise exchanged that 1) the Designating Party reasonably believes contain, describe, or disclose sensitive, non-public, confidential information, such as (a) court records,



whether in this District or other courts, currently maintained under seal; (b) information subject to a non-disclosure or confidentiality agreement; (c) employee personnel information; (d) a Non-Party's commercially sensitive information, trade secrets, or competitive or strategic initiatives that are not readily ascertainable and for which the Designating Party has taken reasonable steps to maintain confidentiality, and (e) personal identifying information subject to redaction under Local Rule 5.2, or 2) the Designating Party's own commercially sensitive information, such as (a) financial or accounting information; (b) commercially sensitive internal communications or information; and (c) business negotiations, transactions, and dealings with Non-Parties.

      3.2     <u>"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material</u>: Extremely sensitive materials that qualify as "CONFIDENTIAL" and that the Designating Party reasonably believes contain highly sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a risk of competitive or commercial disadvantage to the Designating Party.

      3.3     This Order does not envision the production of source code or object code. Should the Parties agree to source code discovery, they will enter a separate stipulated source code supplement to this Order.

**4.    SCOPE**

      The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, Non-Parties, and/or Experts that might reveal Protected Material.

      However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**5.    ACCESS TO AND USE OF PROTECTED MATERIAL**

      5.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories

STIPULATED PROTECTIVE ORDER - 3
CASE No. 2:22-cv-00965-JHC
2023-10-12 Brown Stipulated Protective Orderdocx 10/12/2023

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

     5.2   <u>Disclosure of "CONFIDENTIAL" Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Producing or Designating Party, a Receiving Party may disclose any Confidential Material only to:

     (a)   the Receiving Party's Outside Counsel of Record in this action, including employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

     (b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

     (c)   Experts, professional jury or trial consultants, and their employees and staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     (d)   the Court, court personnel, and court reporters and their staff;

     (e)   copy, imaging, document management, and electronic discovery services retained by Counsel to assist in the management of Confidential Material and who execute the "Agreement to Be Bound by Protective Order" attached as Exhibit A, provided that counsel for the Party retaining such services instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

     (f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

     (g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.



5.3   <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"</u> <u>Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Highly Confidential—Attorney's Eyes Only Material only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   Experts, professional jury or trial consultants, and their employees and staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and, with respect to an Industry Expert, have been subject to the procedure in Paragraph 5.4;

(c)   the Court, court personnel, and court reporters and their staff;

(d)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(e)   employees of the Producing Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A;

(f)   copy, imaging, document management, and electronic discovery services retained by Counsel to assist in the management of Highly Confidential-Attorney's Eyes Only Material and who execute the "Agreement to Be Bound by Protective Order" attached as Exhibit A, provided that counsel for the Party retaining such services instructs the service not to disclose any Highly Confidential Material to third parties and to immediately return all originals and copies of any Highly Confidential Material; and

(g)   to assist in Amazon's defense of this litigation, no more than four (4) In-House Counsel who exercise no competitive decision-making, including:

1.   Amy Posner

2.   Cristina Fernandez

3.   Omid Bañuelos



1        4.      Caroline Jones.

2    In the event that Amazon's designated in-house counsel is no longer eligible to serve as a

3    designee under this Protective Order, due to a change in role or otherwise, Amazon may

4    designate a replacement in-house counsel who meets the criteria set forth herein.

5        5.4    <u>Procedures for Approving or Objecting to Disclosure to Expert of Materials</u>

6    <u>Designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."</u>

7            (a)     Unless otherwise ordered by the Court or agreed to in writing by the

8    Designating Party, a Party that seeks to disclose to an Industry Expert any material that has been

9    designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a

10   written disclosure to the Designating Party that (1) identifies the general categories of "HIGHLY

11   CONFIDENTIAL—ATTORNEYS' EYES ONLY" information that the Receiving Party seeks

12   permission to disclose to the Industry Expert, (2) sets forth the full name of the Industry Expert

13   and the city and state of his or her primary residence, (3) attaches a copy of the Industry Expert's

14   current resume, (4) identifies the Industry Expert's current employer(s), (5) identifies each

15   person or entity from whom the Industry Expert has received compensation or funding for work

16   in his or her areas of expertise or to whom the Industry Expert has provided professional

17   services, including in connection with a litigation, at any time during the preceding four years,

18   and (6) identifies (by name and number of the case, filing date, and location of court) any

19   litigation in connection with which the Industry Expert has offered expert testimony, including

20   through a declaration, report, or testimony at a deposition or trial, during the preceding four

21   years. If the Industry Expert believes that any of the information sought through part (6) of this

22   disclosure is subject to a confidentiality obligation to a third party, then the Expert should

23   indicate the confidential matters with as much detail as possible.

24           (b)     A Party that makes a written disclosure and provides the information

25   specified in the preceding respective paragraphs may disclose the subject "HIGHLY

26   CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material to the identified Industry Expert

27   unless, within seven days of delivering the request, the Party receives a written objection from

28   the Designating Party.



(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within three days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Industry Expert may file a motion as provided in Local Civil Rule 7 seeking permission from the Court to do so, or may use the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Industry Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Industry Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Industry Expert.

(d)     Nothing in this Section modifies the ordinary deadlines for expert disclosures under the Federal Rules and this Court's orders. Testifying experts not receiving HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY materials shall be disclosed by the deadline established by the Court. Testifying Industry Experts receiving HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY materials shall be disclosed consistent with this Section. Consulting Industry Experts receiving HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY materials are not required to be disclosed prior to any applicable deadlines contained within the Federal Rules.

5.5     <u>Filing Protected Material</u>. Before filing Protected Material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g). Any motion to seal filed by the Receiving Party, where a Designating Party must make the showing required by Local Civil Rule 5(g)(3)(B) in response

to the motion, must be noted for consideration no earlier than the fourth Friday after filing. A Party who seeks to maintain the designation must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.6    <u>Disclosure of Protected Material at Hearings or Trial</u>: Any person receiving Protected Material shall not reveal or discuss such information at any pre-trial hearing or hearing open to individuals not otherwise authorized to receive Protected Material except as follows: In the event a person receiving Protected Material intends to use Protected Material in any proceeding open to individuals not entitled to receive Protected Materials, such person shall, at least 14 days in advance, move to seal the proceeding or give the person that produced the Protected Material written notice. In the latter case, the Parties shall thereafter meet and confer to determine whether the Protected Material can be so used. If they cannot reach agreement, the person who produced the Protected Material may file a motion to seal the proceeding. If, however, the party that seeks to use the Protected Material at a hearing for which it had fewer than 21 days' advance notice, the parties will meet and confer within a reasonable time before the hearing.

5.7    <u>Use of Protected Material from *Frame-Wilson* and *De Coster*</u>: The Parties agree and stipulate that Protected Material produced by Parties in *Frame-Wilson, et al. v. Amazon.com, Inc.*, 20-cv-00424-RSM (W.D. Wash.), and *De Coster, et al. v. Amazon.com, Inc.*, 21-CV-00693-RSM (W.D. Wash.), may be used by the Parties in this action in accordance with their Designation, and Protected Material produced by the Parties in this matter can be used in the same manner in *Frame-Wilson, et al. v. Amazon.com, Inc.*, 20-cv-00424-RSM (W.D. Wash.), and *De Coster, et al. v. Amazon.com, Inc.*, 21-CV-00693-RSM (W.D. Wash.).

## 6.    DESIGNATING PROTECTED MATERIAL

6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate

STIPULATED PROTECTIVE ORDER - 8
CASE NO. 2:22-CV-00965-JHC
2023-10-12 Brown Stipulated Protective Orderdocx 10/12/2023



standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2   <u>Manner and Timing of Designations</u>. Except as provided in section 6.2 (a) below, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). With respect to documents containing Protected Material produced in native format, the Designating Party shall include the appropriate designation in the manner agreed to pursuant to the Parties' ESI protocol.

(b)   <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: The Parties and any participating Non-Parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate

STIPULATED PROTECTIVE ORDER - 9
CASE NO. 2:22-CV-00965-JHC
2023-10-12 Brown Stipulated Protective Orderdocx 10/12/2023

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

portions of the transcript, or exhibits thereto, as confidential. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Until the expiration of the 30-day period for designation, any deposition transcript shall be treated as if it had been designated "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" in its entirety, unless otherwise agreed. However, upon a showing of good cause by the Party seeking to rely on the transcript, e.g., for use in a scheduled filing with the Court, the Parties agree to shorten the designation period to 15 days or in appropriate circumstances fewer.

If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## 7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the



original designation is disclosed. A Party challenging a designation must provide the Bates number or otherwise clearly and unmistakably identify each item (if a Bates number is unavailable) of Protected Material being challenged.

       7.2   <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

       7.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7(b) and in compliance with Local Civil Rule 5(g), if applicable, or may request that the Parties follow the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

       If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," that Party must:

       (a)   promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

       (b)   promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is



subject to this agreement. Such notification shall include a copy of this agreement; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Section 8 is superseded in part by Section 5.7, permitting cross-use of Protected Material produced by the Parties in *Frame-Wilson, et al. v. Amazon.com, Inc*., 20-cv-00424-RSM (W.D. Wash.), and *De Coster, et al. v. Amazon.com, Inc*., 21-CV-00693-RSM (W.D. Wash.), and vice versa.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized access or disclosure, (b) investigate and report to Designating Party the scope of and circumstances of the unauthorized access or disclosure, (c) take immediate and reasonable steps to rectify the unauthorized access or disclosure, including using its best efforts to retrieve all unauthorized copies of the Protected Material and instituting additional security to prevent any further access or disclosure, (d) comply with all obligations under applicable laws relating to unauthorized access or disclosure, including security breach notification laws and other applicable laws, (e) inform the person or persons to whom unauthorized disclosures were made



of all the terms of this Order, and (f) request that such person or persons execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery

order or agreement that provides for production without prior privilege review. This Order

invokes the protections afforded by Fed. R. Evid. 502(b). As provided under Fed. R. Evid.

502(b) and 502(d) and subject to the limitations in Fed. R. Evid. 502(a), the disclosure of

privileged material in connection with this litigation does not operate as a waiver in this action or

any other action by the Producing Party of any privilege applicable to those documents,

including the attorney-client privilege, attorney work-product protection, or any other privilege

or protection recognized by law.

**11.    NON-TERMINATION AND RETURN OF DOCUMENTS**

Unless otherwise ordered or agreed in writing, within 60 days after the termination of this

action, including all appeals, each Receiving Party must destroy all Protected Material, including

all copies, extracts, and summaries thereof.

The Receiving Party must submit a written certification to the Producing Party (and, if

not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that

the Receiving Party has used reasonable efforts to destroy copies, abstracts, compilations,

summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain one archival copy of all

documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Protected Material. Any such archival copies that

contain or constitute Protected Material remain subject to this Protective Order.



Even after final disposition of this litigation, the confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

**12.     MODIFICATION IN CONJUNCTION WITH *FRAME-WILSON* AND *DE COSTER* ACTIONS**

The Parties seek to maintain the same operative terms as the Protective Orders in *Frame-Wilson, et al. v. Amazon.com, Inc*., 20-cv-00424-RSM (W.D. Wash.), and *De Coster, et al. v. Amazon.com, Inc*., 21-CV-00693-RSM (W.D. Wash.). Should the Protective Orders in those cases be modified after entry of this Protective Order, the Parties will jointly file a stipulated motion to align the Protective Order in this case.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 12, 2023                  Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By ____/s/ *Steve W. Berman*_____
          Steve W. Berman (WSBA No. 12536)

By ____/s/ *Barbara A. Mahoney*_____
          Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: barbaram@hbsslaw.com

KELLER POSTMAN LLC

Zina G. Bash (*pro hac vice*)
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (512) 690-0990
Email: zina.bash@kellerpostman.com

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

1

2

Warren D. Postman (*pro hac vice*)
Albert Y. Pak (*pro hac vice*)
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123
Email: wdp@kellerpostman.com
Email: albert.pak@kellerpostman.com

3

4

5

6

Jessica B. Beringer (*pro hac vice*)
150 N. Riverside, Suite 4100
Chicago, IL 60606
Telephone: (312)-741-5220
Email: Jessica.beringer@kellerpostman.com

7

8

9

*Interim Lead Counsel for Plaintiffs*

10

11

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

12

13

By:      /s/ *Alicia Cobb*
         Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

14

15

16

17

Steig D. Olson (*pro hac vice*)
David D. LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com

18

19

20

21

Adam B. Wolfson (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER - 15
CASE No. 2:22-cv-00965-JHC
2023-10-12 Brown Stipulated Protective Orderdocx 10/12/2023



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

KELLER ROHRBACK L.L.P.

By: ___/s/ Derek W. Loeser_____
      Derek W. Loeser (WSBA No. 24274)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: dloeser@kellerrohrback.com

*Plaintiffs' Executive Committee Members*

DAVIS WRIGHT TREMAINE LLP

By: ___/s/ *John A. Goldmark*_____
      John A. Goldmark, WSBA # 40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Facsimile:  (206) 757-7700
Email:  JohnGoldmark@dwt.com
Email:  MaryAnnAlmeida@dwt.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
William B. Michael (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Kyle Smith (*pro hac vice*)
2001 K Street, NW
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Facsimile:   (202) 223-7420
Email:  kdunn@paulweiss.com
Email:  wisaacson@paulweiss.com
Email:  wmichael@paulweiss.com
Email:  amauser@paulweiss.com
Email:  mgoodman@paulweiss.com
Email:  ksmith@paulweiss.com

*Attorneys for Defendant Amazon.com, Inc.*



1

## **ORDER**

2

Based on the foregoing, IT IS SO ORDERED.

3

DATED: October 16, 2023

4

5

6

_John H. Chun_
John H. Chun
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order that was issued by the

United States District Court for the Western District of Washington on [date] in the case of

*Brown, et al.* v. *Amazon.com, Inc.*, Case No. 2:22-cv-00965-JHC. I agree to comply with and to

be bound by all the terms of this Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:    _____



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that a true and correct copy of the foregoing was filed electronically by

3    CM/ECF, which caused notice to be sent to all counsel of record.

4                                          /s/ *Steve W. Berman*
                                           Steve W. Berman
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

