1

2

3

4

5

6

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 7  ELIZABETH DE COSTER, *et al.*, on behalf of themselves and all others similarly situated, <br><br> 8                Plaintiffs, <br><br> 9 <br> 10     v. <br><br> AMAZON.COM, INC., a Delaware corporation, <br> 11 <br> 12             Defendant. | No. 2:21-cv-00693-JHC <br><br> STIPULATED MOTION AND FRE 502(d) ORDER REGARDING PRODUCTION OF COURT-ORDERED 30(b)(6) DEPOSITION MATERIAL |
| 13  DEBORAH FRAME-WILSON, *et al.*, on behalf of themselves and all others similarly situated, <br> 14 <br> 15             Plaintiffs, <br> 16     v. <br><br> 17  AMAZON.COM, INC., a Delaware corporation, <br> 18             Defendant. | No. 2:20-cv-00424-JHC |
| 19 <br> 20  CHRISTOPHER BROWN, *et al*., on behalf of themselves and all others similarly situated, <br> 21 <br> 22             Plaintiffs, <br> 23     v. <br><br> 24  AMAZON.COM, INC., a Delaware corporation, <br> 25             Defendant. | No. 2:22-cv-00965-JHC |

26

27

STIP. AND ORDER REGARDING
PRODUCTION OF COURT-ORDERED 30(b)(6) DEPOSITION MATERIAL
(NOS. 2:20-CV-00424-JHC; 2:21-CV-00693-JHC; 2:22-CV-00965-JHC)

**STIPULATED MOTION**

Plaintiffs in the above-captioned actions ("Private Plaintiffs") and Amazon.com, Inc. ("Amazon") (together, the "Parties"), by and through their attorneys of record, respectfully request that the Court enter the proposed order set forth below.  In support of this request, the Parties state the following:

1.      On April 25, 2024, the plaintiffs in *FTC et al.* v. *Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.), moved to compel the production of Amazon's legal holds and other privileged materials related to preservation in that action and the FTC investigation that preceded it.  On May 13, 2024, Amazon filed a response in opposition to that motion.  Amazon argued that the litigation holds and related materials are privileged, and that there has been no "preliminary showing" of spoliation sufficient to pierce that privilege.

2.      On July 9, 2024, this Court denied the plaintiffs' motion to compel without prejudice.  No. 2:23-cv-01495-JHC, Dkt. 264 at 2, 4 ("Defendant correctly notes that litigation hold notices are not discoverable.") (internal quotation marks omitted).  Instead of requiring the immediate production of the underlying documents, the Court ordered a Rule 30(b)(6) deposition of an Amazon representative to testify about document retention.  *See generally id.*  The Court instructed that, at the deposition, the plaintiffs "may inquire into (1) when and to whom the litigation hold notices were given, (2) what kinds and categories of information and data Defendant's employees were instructed to preserve and collect, and (3) what specific actions they were instructed to take to that end." *Id*. at 4.

3.      On August 6, 2024, after confirming that the FTC had no objection to their participation, Private Plaintiffs asked Amazon to participate in the 30(b)(6) deposition ordered by the Court, which was scheduled for August 21, 2024.

4.      On August 13, Amazon told Plaintiffs it did not agree to their participation.  Among other concerns, Amazon noted that while disclosure of potentially privileged or work-product-protected information in the *FTC* case under judicial compulsion does not waive the privilege or protection, *see, e.g., Transamerica Computer Co., Inc.* v. *Int'l Bus. Mach. Corp.*, 573 F.2d 646,

1   650–52 (9th Cir. 1978), allowing Private Plaintiffs' participation without any such order could be

2   viewed as an independent ground for waiver.

3        5.     After the Parties conferred, in lieu of Private Plaintiffs' attendance at the 30(b)(6)

4   deposition, and in light of the Court's order for reasonable fact discovery coordination among the

5   Parties across cases, Amazon agreed to (a) produce certain non-privileged documents and

6   testimony pertaining to its preservation efforts and use of ephemeral messaging systems more

7   broadly, among other things; and (b) discuss with Private Plaintiffs the production of the August

8   21, 2024 Rule 30(b)(6) transcript and related materials under an appropriate court order to protect

9   against waiver.

10        6.     On August 21, 2024, the Court-ordered deposition in the *FTC* case was held and

11   no party outside the *FTC* action attended or participated in the deposition.  Amazon designated the

12   deposition transcript as Highly Confidential under the protective order entered in that case.

13        7.     Private Plaintiffs now seek production of the unredacted transcript and the exhibits

14   used in the August 21, 2024 Court-ordered deposition in the *FTC* case (the "Transcript Materials").

15   Plaintiffs' position is that this limited production is required under the Coordination Order.

16   Discovery Coordination Order, *see, e.g.*, *Frame-Wilson* v. *Amazon.com, Inc.*, No. 2:20-cv-00424-

17   JHC, Dkt. 172, at 5–6.  Private Plaintiffs have represented and agree that they will not assert, in

18   this or any other matter, that production of the Transcript Materials implicates or constitutes a

19   privilege waiver of any kind.

20        8.     Despite Private Plaintiffs' representation, Amazon's position is that it cannot

21   produce the Transcript Materials to Private Plaintiffs without a Court order under Federal Rule of

22   Evidence 502(d), lest that production be viewed (however incorrectly) as an independent ground

23   for waiver.  Amazon would, however, comply with a Court order compelling the production of the

24   Transcript Materials to Private Plaintiffs, just as it complied with this Court's order to produce a

25   witness to testify to the topics in the Court's 30(b)(6) order in the *FTC* case.

26

27

9.      Private Plaintiffs thus ask the Court to compel Amazon's production of the Transcript Materials.  In receiving the Transcript Materials by this Court Order, Private Plaintiffs agree to refrain from any argument that the attorney-client privilege or work-product protections are waived by virtue of such production, and Amazon understands that such a compelled production protects it against third-party claims that Amazon's production of the Transcript Materials to Private Plaintiffs implicates or constitutes a privilege waiver.  Amazon also requests that, should the Court issue this order, it expressly guard against a third-party claim of waiver through production.  *See* Fed. R. Evid. 502(d) ("A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.").

SO STIPULATED this 20th day of September, 2024.

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ *Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By: /s/ *Barbara A. Mahoney*
    Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: barbaram@hbsslaw.com

Anne F. Johnson (*pro hac vice*)
594 Dean Street, Suite 24
Brooklyn, NY 11238
Telephone: (718) 916-3520
E-mail: annej@hbsslaw.com

1  KELLER POSTMAN LLC

2  Zina G. Bash (*pro hac vice*)
3  111 Congress Avenue, Suite 500
   Austin, TX, 78701
4  Telephone: (512) 690-0990
   E-mail: zina.bash@kellerpostman.com
5

6  Jessica Beringer (*pro hac vice*)
   Shane Kelly (*pro hac vice*)
7  150 North Riverside Plaza, Suite 4100
   Chicago, Illinois 60606
8  Telephone: (312) 741-5220
   E-mail: jessica.beringer@kellerpostman.com
9  E-mail: shane.kelly@kellerpostman.com

10
   Roseann Romano (pro hac vice)
11 1101 Connecticut Avenue, N.W., Suite 1100
   Washington, DC 20036
12 Telephone: (202) 983-5484
   E-mail: roseann.romano@kellerpostman.com
13

14 *Interim Co-Lead Counsel for Plaintiffs and the
   proposed Class*
15

16 QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
17

18 By: */s/ Alicia Cobb*
       Alicia Cobb, WSBA # 48685
19 1109 First Avenue, Suite 210
   Seattle, WA 98101
20 Telephone: (206) 905-7000
   Email: aliciacobb@quinnemanuel.com
21

22 Steig D. Olson (*pro hac vice*)
   David D. LeRay (*pro hac vice*)
23 Nic V. Siebert (*pro hac vice*)
   Maxwell P. Deabler-Meadows (*pro hac vice*)
24 51 Madison Avenue, 22nd Floor
   New York, NY 10010
25 Telephone: (212) 849-7000
   Email: steigolson@quinnemanuel.com
26 Email: davidleray@quinnemanuel.com
   Email: nicolassiebert@quinnemanuel.com
27 Email: maxmeadows@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Interim Executive Committee for Plaintiffs and the proposed Class*

DAVIS WRIGHT TREMAINE LLP


By:   */s/ John A. Goldmark*
        John A. Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email:  JohnGoldmark@dwt.com
Email:  MaryAnnAlmeida@dwt.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Kyle Smith (*pro hac vice*)
2001 K Street, NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Email:  kdunn@paulweiss.com
Email:  wisaacson@paulweiss.com
Email:  amauser@paulweiss.com
Email:  ksmith@paulweiss.com

Meredith Dearborn (*pro hac vice*)
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Email: mdearborn@paulweiss.com

*Attorneys for Defendant Amazon.com, Inc.*

## ORDER

Based on the foregoing, the Court GRANTS the Parties' stipulated motion.  Pursuant to Federal Rules of Evidence 502(d):

1.    Amazon shall produce the unredacted transcript and all exhibits (including the notice of deposition and attachments thereto) used in the Court-ordered deposition held on August 21, 2024 in the case of *FTC et al.* v. *Amazon.com, Inc.*, No. 2:23-cv-01495-JHC ("Transcript Materials"), to counsel for plaintiffs in the above-captioned actions ("Plaintiffs") pursuant to the Discovery Coordination Order, *see, e.g.*, *Frame-Wilson* v. *Amazon.com, Inc.*, No. 2:20-cv-00424-JHC, Dkt. 172, at 5–6.

2.    This production of Transcript Materials shall occur no later than 5 business days after Amazon's September 20, 2024 deadline to submit any errata to the deposition transcript, and shall include any such errata in the production.

3.    The production of the Transcript Materials in the above-captioned proceedings is compelled by the Court.  It will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work-product protection that Amazon would otherwise be entitled to assert with respect to the Transcript Materials and its subject matters. This order shall be interpreted to provide the maximum protection allowed under applicable law, and is effective as to Plaintiffs, their counsel, and any other party or person who may later seek production of these materials or others on the same subject matters in this or any other action.

4.    This compelled production of the Transcript Materials applies only to the Transcript Materials, and not to any other information, documents, or other materials on the same or different subject matters.

5.    All recipients of the Transcript Materials shall treat them as Highly Confidential – Attorneys' Eyes Only under all applicable protective orders.

6.    In the event that any recipient were ever to be required, by a valid discovery request or court order, to produce the Transcript Materials to a third party, the recipient shall

1   promptly, but in any event no later than 14 days after receiving a valid discovery request or

2   court order, notify Amazon in writing that some or all of the material requested in subject to this

3   order.  Amazon shall have 21 days from such notification to either: (i) consent to the disclosure

4   to the requesting party subject to this Rule 502(d) order, or (ii) object to the disclosure in

5   writing and set forth in detail the grounds on which the objection is based.  If the requesting

6   party and Amazon are unable to reach a resolution after a good faith effort to meet and confer,

7   then either the requesting party or Amazon may seek any appropriate order following the

8   applicable procedures for such requests from the court.

9          7.      Any party receiving the Transcript Materials without Amazon's express consent

10   as to their re-production shall return them to Amazon, upon request, and, within 5 business days

11   of receiving such request, delete any versions of the documents it maintains and make no use of

12   the information contained therein regardless of whether the receiving party agrees with the

13   claim of privilege and/or work-product protection.

14          8.      The provisions of Federal Rule of Evidence 502(b) are inapplicable to the

15   disclosure of the Transcript Materials under this order.  Specifically, there has been no waiver

16   even if a third party discloses the Transcript Materials, inadvertently or otherwise, regardless of

17   whether the party took reasonable steps to prevent the disclosure or to rectify the error.

18          IT IS SO ORDERED this 23rd day of September, 2024.

19

20

21          John H. Chun
            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27