UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:21-cv-00693-JHC<br><br>ORDER |
| DEBORAH FRAME-WILSON, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:20-cv-00424-JHC |
| CHRISTOPHER BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:22-cv-00965-JHC |

ORDER - 1

# I

## INTRODUCTION

This matter comes before the Court on Amazon's Motion to Claw Back Privileged Material and Strike References Thereto from Plaintiffs' Class Certification Motion. Case No. 21-693, Dkt. # 296; Case No. 20-424, Dkt. # 287; Case No. 22-965, Dkt. # 165. The Court has reviewed the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. The Court finds oral argument unnecessary. For the reasons below, the Court DENIES the motion.

# II

## BACKGROUND

Plaintiffs brought antitrust class action lawsuits against Amazon claiming various violations of the Sherman Act. Case No. 21-693, Dkt. # 126 (redacted); Case No. 20-424, Dkt. # 165 (redacted); Case No. 22-965, Dkt. # 100. On February 20, 2025, Plaintiffs in *Frame-Wilson* filed their Motion for Class Certification. Case No. 20-424, Dkt. # 266 (sealed). Amazon says that within a week of receiving Plaintiffs' motion, it emailed Plaintiffs to claw back Exhibit 68 (CAAGLit-AMZ_10780239), Exhibit 69 (CAAGLit-AMZ_03029869), and Exhibit 94 (CAAGLit-AMZ_10631781).[1] Amazon asked Plaintiffs to "destroy all copies of these documents, delete them from any and all litigation support or other databases in [their] possession, and expunge them from any work product reflecting the contents of the documents."

---

[1] Amazon also clawed back all copies of Exhibit 68 that had been produced to Plaintiffs: CAAGLit-AMZ_03033686, CAAGLit-AMZ_03034000, CAAGLit-AMZ_03034028, CAAGLit-AMZ_106377333, CAAGLit-AMZ_10695061, and CAAGLit-AMZ_10804172. *See* Case No. 21-693, Dkt. # 298 at 3 ¶ 11; Case No. 20-424, Dkt. # 289 at 3¶ 11; Case No. 22-965, Dkt. # 167 at 3 ¶ 11.
Also, Robert D. Keeling's declaration asserts that Amazon now seeks to claw back three documents like Exhibit 94 that "were incorrectly produced with inconsistent redactions." Case No. 21-693, Dkt. # 298 at 3 ¶ 9; Case No. 20-424, Dkt. # 289 at 3¶ 9; Case No. 22-965, Dkt. # 167 at 3 ¶ 9. Amazon provides no other information about these documents, and this Order does not address them.

ORDER - 2

Case No. 21-693, Dkt. # 296 at 8; Case No. 20-424, Dkt. # 287 at 8; Case No. 22-965, Dkt. # 165 at 8 (internal quotation omitted). Amazon also requested that Plaintiffs "remove any reference to the above documents from their class certification papers and re-file a new version that contains no reference to the above three documents." Case No. 21-693, Dkt. # 296 at 8; Case No. 20-424, Dkt. # 287 at 8; Case No. 22-965, Dkt. # 165 at 8 (internal quotation omitted). Plaintiffs responded that they believed the company had waived privileged over these documents. Case No. 21-693, Dkt. # 296 at 9; Case No. 20-424, Dkt. # 287 at 9; Case No. 22-965, Dkt. # 165 at 9. The parties met and conferred and did not resolve the issue. Case No. 21-693, Dkt. # 296 at 9; Case No. 20-424, Dkt. # 287 at 9; Case No. 22-965, Dkt. # 165 at 9.

### III
#### DISCUSSION

Generally, a party waives privilege with respect to a document if they produce it. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116–17 (9th Cir. 2020). Federal Rule of Evidence 502(b) provides that disclosure does not waive privilege when it is (1) inadvertent; (2) the privilege holder "took reasonable steps to prevent disclosure;" and (3) the privilege holder took prompt, reasonable steps to correct the error. *See* Fed. R. Evid. 502(b)(1) – (3). And Federal Rule of Evidence 502(d) provides that a federal court may order that the privilege is not waived by disclosure. "[W]aiver of any privilege [i]s the threshold issue" when determining whether a clawed back document is privileged. *In re Qualcomm Litig.*, No. 3:17-CV-108-GPC-MDD, 2018 WL 6617294, at *4 (S.D. Cal. Dec. 18, 2018). The party asserting privilege bears the burden of proving that privilege is not waived. *Id.*

Amazon contends that the Electronically Stored Information (ESI) Protocol governs this dispute, and that the parties did not intend to override the protections of Federal Rule of Evidence 502*(d)*. Case No. 21-693, Dkt. # 296 at 9–10; Case No. 20-424, Dkt. # 287 at 9–10;

ORDER - 3

Case No. 22-965, Dkt. # 165 at 9–10.  But the company says that even if the parties' Protective Order (instead of the ESI protocol) governs this dispute, the Court is compelled to reach the same result.  Case No. 21-693, Dkt. # 296 at 9–10; Case No. 20-424, Dkt. # 287 at 9–10; Case No. 22-965, Dkt. # 165 at 9–10.  In the alternative, Amazon argues that even if Rule 502(d) does not control the treatment of these documents, Amazon's handling of the documents satisfies the Rule 502*(b)* requirements.  Case No. 21-693, Dkt. # 296 at 12; Case No. 20-424, Dkt. # 287 at 12; Case No. 22-965, Dkt. # 165 at 12.[2]

A.      Whether the ESI Protocol or the Protective Order Applies to the Disputed Documents

Amazon contends that the parties' ESI Protocol contains a Rule 502(d) provision that expressly protects against waiver of privilege if a party produces privileged information during discovery.  Case No. 21-693, Dkt. # 296 at 10; Case No. 20-424, Dkt. # 287 at 10; Case No. 22-965, Dkt. # 165 at 10.  They say that the ESI Protocol governs "the exchange of electronically-stored information between the parties" while the Protective Order "generally concern the confidentiality of information produced by parties and non-parties."  Case No. 21-693, Dkt. # 315 at 3–4; Case No. 20-424, Dkt. # 304 at 3–4; Case No. 22-965, Dkt. # 180 at 3–4.

Plaintiffs respond that Amazon previously told the Court that the Protective Order, not the ESI protocol, controls the waiver analysis.  Case No. 21-693, Dkt. # 311 (sealed) at 9; Case No. 20-424, Dkt. # 300 (sealed) at 9; Case No. 22-965, Dkt. # 176 (sealed) at 9 (citing Case No. 21-693, Dkt. # 292 (sealed) at 7; Case No. 20-424, Dkt. # 284 (sealed) at 7; Case No. 22-965,

---

[2] The central issue before the Court is whether Amazon has waived privilege over the disputed documents.  The parties briefly discuss whether these documents are privileged.  Case No. 21-693, Dkt. # 296 at 7; Case No. 20-424, Dkt. # 287 at 7; Case No. 22-965, Dkt. # 165 at 7 ("[T]he details of the documents are not material to this Motion because Plaintiffs have not disputed that they contain privileged information…").  *See also* Case No. 21-693, Dkt. # 311 (sealed) at 14 n.5; Case No. 20-424, Dkt. # 300 (sealed) at 14 n.5; Case No. 22-965, Dkt. # 176 (sealed) at 14 n.5 ("Contrary to Amazon's representation, Plaintiffs have consistently contested Amazon's privilege designation.").  But since Amazon's motion centers on whether the company is procedurally entitled to claw back these documents, the Court assumes, without deciding, that these documents are privileged.

Dkt. # 162 (sealed) at 7).³ They also say that, based on the language of the Protective Order, the ESI Protocol only allows for the return of documents produced without a prior privilege review. Case No. 21-693, Dkt. # 311 (sealed) at 10; Case No. 20-424, Dkt. # 300 (sealed) at 10; Case No. 22-965, Dkt. # 176 (sealed) at 10.

On February 28, 2023, the Honorable Richard A. Jones approved of the parties' ESI Protocol in *Frame*-Wilson. Case No. 20-424, Dkt. # 91. The Protocol states

> Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

Case No. 20-424, Dkt. # 91 at 8.⁴

More than a year later, on July 29, 2024, this Court approved the parties' Amended Protective Order, which contains a section titled "**Inadvertent Production of Privileged or Otherwise Protected Material**." Case No. 20-424, Dkt. # 179 at 17 (emphasis in original).⁵ This section states,

> When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. This Order invokes the protections afforded by Fed. R. Evid. 502(b). As provided under Fed. R. Evid. 502(b) and

---

³ In its March 11, 2025 letter, Amazon requested to claw back two documents that Plaintiffs selected for in camera review. Amazon said that it applied insufficient redactions to the documents. *See* Case No. 21-693, Dkt. # 292 (sealed); Case No. 20-424, Dkt. # 284 (sealed); Case No. 22-965, Dkt. # 162 (sealed). The Court declined Amazon's request. *See* Case No. 21-693, Dkt. # 302 at 5–10; Case No. 20-424, Dkt. # 294 at 5–10; Case No. 22-965, Dkt. # 170 at 5–10.
⁴ The ESI Protocols in *De Coster* and *Brown* contain identical provisions. *See* Case 21-693, Dkt. # 66 at 7–8; Case No. 22-695, Dkt. # 60 at 7–8.
⁵ The Amended Protective Orders in *De Coster* and *Brown* contain identical provisions. Case No. 21-693, Dkt. # 169 at 17; Case No. 22-965, Dkt. # 82 at 17–18.

ORDER - 5

> 502(d) and subject to the limitations in Fed. R. Evid. 502(a), the disclosure of privileged material in connection with this litigation does not operate as a waiver in this action or any other action by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

*Id.*

The Amended Protective Order is more specific than the ESI Protocol and addresses the treatment of privileged documents "inadvertently" produced. The only restriction is that the provision does not modify "whatever procedure may be established in an e-discovery order or agreement that provides for production *without prior privilege review*." *See id.* (emphasis added). Thus, the Amended Protective Order applies to documents that the producing party reviewed for privilege.

The three documents at issue were produced during Amazon's months-long privilege re-review.[6] Exhibit 68 (CAAGLit-AMZ_10780239) was fully withheld on April 13, 2024, and produced in full on January 28, 2025.[7] Case No. 21-693, Dkt. # 298 at 3 ¶ 10; Case No. 20-424, Dkt. # 289 at 3 ¶ 10; Case No. 22-965, Dkt. # 167 at 3 ¶ 10. Exhibit 69 (CAAGLit-AMZ_03029869) was fully withheld on April 13, 2023, and produced in full on October 29, 2024. Case No. 21-693, Dkt. # 298 at 2 ¶ 8; Case No. 20-424, Dkt. # 289 at 2 ¶ 8; Case No. 22-965, Dkt. # 167 at 2 ¶ 8. Exhibit 94 (CAAGLit-AMZ_10631781) was fully withheld on October

---

[6] In August 2024, Plaintiffs filed a Motion to Compel Production of Documents from Amazon's Privilege Logs and For Appointment of a Special Master. Case No. 21-693, Dkt. # 189 (sealed); Case No. 20-424, Dkt. # 186 (sealed); Case No. 22-965, Dkt. # 89 (sealed). In response, Amazon stated that it was in the process of re-reviewing the challenged privilege log entries and would be completing its review by mid-October 2024. *See* Case No. 21-693, Dkt. # 203 at 14–15 (sealed); Case No. 20-424, Dkt. # 197 at 14–15 (sealed); Case No. 22-965, Dkt. # 103 at 14–15 (sealed). By November 2024, Amazon had yet to complete its privilege re-review. On January 31, 2025, the Court held a hearing in which Plaintiffs renewed their motion and the parties presented their arguments on the outstanding discovery issues to the Court. Case No. 21-693, Dkt. # 277; Case No. 20-424, Dkt. # 256; Case No. 22-965, Dkt. # 148. The Court then ordered Amazon to complete its re-review of every document withheld as privileged and provide a final privilege log to Plaintiffs by February 25, 2025. *Id.*

[7] Six other copies of Exhibit 68 were also produced to Plaintiffs. *See* Case No. 21-693, Dkt. # 298 at 3 ¶ 11; Case No. 20-424, Dkt. # 289 at 3 ¶ 11; Case No. 22-965, Dkt. # 167 at 3 ¶ 11.

20, 2023, and produced to Plaintiffs with redactions on October 28, 2024. Case No. 21-693, Dkt. # 298 at 3 ¶ 9; Case No. 20-424, Dkt. # 289 at 3¶ 9; Case No. 22-965, Dkt. # 167 at 3 ¶ 9. Thus, the Amended Protective Order applies to these documents.

B.     The Protective Order & Rule 502(b)

In its March 25, 2025 Order, the Court determined that the parties' Protective Order did not "articulate the desire" to forgo the Rule 502(b) waiver analysis. *See* Case No. 21-693, Dkt. # 302 at 7; Case No. 20-424, Dkt. # 294 at 7; Case No. 22-965, Dkt. # 170 at 7. The Court said that "[n]o reasonable reading of the [Amended Protective] Order supports Amazon's contention that it allows a party to claw back a document under any circumstances." *Id.*[8] Thus, the Court applies the Rule 502(b) waiver standard to Amazon's claw back requests.

   1.     Rule 502(b) exception to waiver

As stated above, when a party discloses a privileged document, that "disclosure does not operate as a waiver" if "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error." Fed. R. of Evid. 502(b)(1) – (3). Each of the requirements

---

[8] Amazon disagrees with the Court's previous determination and says that the reference to Rule 502(b) in the Amended Protective Order "was not meant to supplant the specific agreement following it that 'disclosure does not operate as a waiver.'" *See* Case No. 21-693, Dkt. # 315 at 4 n.3; Case No. 20-424, Dkt. # 304 at 4 n.3; Case No. 22-965, Dkt. # 180 at 4 n.3. But the Protective Order states, "This Order *invokes the protections afforded by Fed. R. Evid. 502(b)*." Case No. 21-693, Dkt. # 169 at 17; Case No. 20-424, Dkt. # 179 at 17; Case No. 22-965, Dkt. # 82 at 17–18. And the following sentence also invokes Rule 502(b). *Id.* ("*As provided under Fed. R. Evid. 502(b)* and 502(d) and subject to the limitations in Fed. R. Evid. 502(a)…").
  In the case cited by Amazon, the district court stated, "it goes without saying that parties must adequately articulate the desire to supplant analysis under Rule 502(b) in any agreement under Rule 502(d) or (e)." *Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-CV-02082-APG, 2013 WL 5332410, at *13 (D. Nev. Sept. 23, 2013). The court reasoned that "[a]n agreed protective order 'should be given a reasonable or common sense interpretation in light of its purposes.'" *Id.* (quoting *Koninklijke Philips Electronics N.V. v. KXD Tech., Inc.,* No. 2:05–cv–01532–RLH–GWF, 2007 WL 2407038 *2 (D. Nev. Aug. 16, 2007)). Here, a reasonable reading of the Protective Order is that Rule 502(b) applies given the explicit invocation of the "protections afforded by Rule 502(b)."

ORDER - 7

of Rule 502(b) is "separate and should not be conflated in the analysis[.]" *Datel Holdings Ltd. V. Microsoft Corp.*, No. C-09-05535 EDL, 2011 WL 866993, at *2 (N.D. Cal. Mar. 11, 2011). "The disclosing party has the burden of proving that the elements of the rule have been met." *Columbia Cmty. Credit Union v. Chicago Title Ins. Co.*, No. C09-5290RJB, 2009 WL 10688219, at *4 (W.D. Wash. Dec. 22, 2009).

Amazon contends that the disclosure was "inadvertent" given that its privilege re-review "was enormous and exceedingly difficult." Case No. 21-693, Dkt. # 296 at 13; Case No. 20-424, Dkt. # 287 at 13; Case No. 22-965, Dkt. # 165 at 13. Amazon says that its disclosure of Exhibit 68 was inadvertent because "[t]he document was not reviewed seven times by seven different reviewers; rather a single reviewer could review a document and make a mistake, and that mistake would be replicated across other versions of the same document based on consistency review." Case No. 21-693, Dkt. # 296 at 13–14; Case No. 20-424, Dkt. # 287 at 13–14; Case No. 22-965, Dkt. # 165 at 13–14 (internal citation omitted). As to Exhibits 69 and 94, Amazon asserts that "[t]he fact that a small number of documents were mistakenly downgraded to not privileged or downgraded to redacted, even though they were initially and correctly denoted as fully privileged, only establishes that a reviewer made a mistake in reviewing complex, dense, single-spaced documents day in and day out—not intentionality." Case No. 21-693, Dkt. # 296 at 14; Case No. 20-424, Dkt. # 287 at 14; Case No. 22-965, Dkt. # 165 at 14 (internal citation omitted). Amazon says that the declaration of its discovery counsel, Robert Keeling, "set[s] forth the circumstances surrounding the production of each of the three documents, and why the production of each was inadvertent." Case No. 21-693, Dkt. # 296 at 14; Case No. 20-424, Dkt. # 287 at 14; Case No. 22-965, Dkt. # 165 at 14.

Plaintiffs respond that "the Keeling Declaration includes only *conclusory assertions* that are completely at odds with Amazon's representations that it reviewed each document word-by-

ORDER - 8

word, employed sophisticated quality control measures, and conducted investigations to make privilege determinations." Case No. 21-693, Dkt. # 311 (sealed) at 11; Case No. 20-424, Dkt. # 300 (sealed) at 11; Case No. 22-965, Dkt. # 176 (sealed) at 11 (emphasis in original). They say that Amazon does not mention "any technical glitches or other extraordinary facts to suggest the documents were produced *by accident*." Case No. 21-693, Dkt. # 311 (sealed) at 12; Case No. 20-424, Dkt. # 300 (sealed) at 12; Case No. 22-965, Dkt. # 176 (sealed) at 12 (emphasis in original). As for Exhibits 68 and 69, Plaintiffs say that no fact suggests that the production of these documents was anything but a judgment call. Case No. 21-693, Dkt. # 311 (sealed) at 12; Case No. 20-424, Dkt. # 300 (sealed) at 12; Case No. 22-965, Dkt. # 176 (sealed) at 12. As for Exhibit 94, they say that there is no evidence that the redactions were mistakenly applied. Case No. 21-693, Dkt. # 311 (sealed) at 12; Case No. 20-424, Dkt. # 300 (sealed) at 12; Case No. 22-965, Dkt. # 176 (sealed) at 12. As for the duplicates of Exhibit 68, Plaintiffs say that Amazon does not explain how the "master" coded document was "inadvertently miscoded." Case No. 21-693, Dkt. # 311 (sealed) at 12; Case No. 20-424, Dkt. # 300 (sealed) at 12; Case No. 22-965, Dkt. # 176 (sealed) at 12. They say that Amazon reviewed multiple copies "*specifically* to make a privilege determination and *intentionally* marked the documents for production over several months." Case No. 21-693, Dkt. # 311 (sealed) at 12–13; Case No. 20-424, Dkt. # 300 (sealed) at 12–13; Case No. 22-965, Dkt. # 176 (sealed) at 12–13 (emphasis in original).

   While Rule 502(b) does not define "inadvertent," other courts have developed two approaches to the issue. *See T&W Holding Co., LLC v. City of Kemah, Texas*, 641 F. Supp. 3d 378, 382 (S.D. Tex. 2022); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2015 WL 1565310, at *8 (S.D. Fla. Apr. 8, 2015). Under the first approach, a court simply looks to "whether the party intended a privileged or work-product protected document to be produced or whether the production was a mistake.'" *T&W Holding Co., LLC*, 641 F. Supp. 3d

ORDER - 9

at 382. Previously, this Court adopted the first approach. *See* Case No. 21-693, Dkt. # 302 at 9; Case No. 20-424, Dkt. # 294 at 9; Case No. 22-965, Dkt. # 170 at 9 ("The Court adopts [the first] approach because it aligns with other courts in the Circuit as well as the structure and purpose of Rule 502(b)."); *see also F.T.C. v. Amazon.com, Inc.*, No. 2:23-CV-00932-JHC, 2024 WL 3620467, at *6 (W.D. Wash. Aug. 1, 2024) (same).[9]

Amazon's production of the documents at issue was intentional. For context, during the January 31, 2025 hearing, Amazon represented to the Court that 80 lawyers have been working on this privilege re-review and "[t]hey have put in 14,000 hours." Case No. 21-693, Dkt. # 279 (sealed) at 27:13–17; Case No. 20-424, Dkt. # 258 (sealed) at 27: 13–17; Case No. 22-965, Dkt. # 149 (sealed) at 27:13–17. The company also said, "These documents have been individually re-reviewed. Sometimes that requires many meetings to figure out the context of the document, especially with dual-purpose documents." Case No. 21-693, Dkt. # 279 (sealed) at 27:13–17; Case No. 20-424, Dkt. # 258 (sealed) at 27: 13–17; Case No. 22-965, Dkt. # 149 (sealed) at 27:13–17. In its March 11, 2025 letter to the Court, Amazon stated

> Over 200 lawyers, including outside counsel from five law firms, participated in the re-review in various roles—including first-level re-review, quality control and consistency, and privilege logging—which covered nearly 140,000 privilege log entries across bespoke privilege logs prepared in other contexts. Amazon's review included a document's full family, other branches of an email chain, and related background. Amazon also biased in favor of redacting portions of a document instead of fully withholding documents, as noted above—a more time-consuming process.

Case No. 21-693, Dkt. # 292 (sealed) at 8; Case No. 20-424, Dkt. # 284 (sealed) at 8; Case No. 22-965, Dkt. # 162 (sealed) at 8.

---

[9] Under the second approach, the court looks at factors along with a party's subjective intent, "including the total number of documents reviewed, the procedures used to review the documents before production, and the actions of the producing party after discovering that the documents had been produced." *See T&W Holding Co., LLC*, 641 F. Supp. 3d at 382.

ORDER - 10

Amazon downgraded the documents during this comprehensive re-review of its privilege logs. Case No. 21-693, Dkt. # 298 at 2–3 ¶¶ 8–10; Case No. 20-424, Dkt. # 289 at 2–3 ¶¶ 8–10; Case No. 22-965, Dkt. # 167 at 2–3 ¶¶ 8–10. And Amazon does not explain how the production of these documents was a mistake. For example, with respect to Exhibit 94, Keeling's declaration simply says that the document was "inadvertently downgraded" to "privilege redact" a year after it was originally withheld in full. Case No. 21-693, Dkt. # 298 at 3 ¶ 9; Case No. 20-424, Dkt. # 289 at 3 ¶ 9; Case No. 22-965, Dkt. # 167 at 3 ¶ 9; *see also* Case No. 21-693, Dkt. # 296 at 14; Case No. 20-424, Dkt. # 287 at 14; Case No. 22-965, Dkt. # 165 at 14 (Amazon's motion generally describes "a small number of documents [that] were mistakenly downgraded to not privileged or downgraded to redacted…").[10]

As the Court stated previously, "When a party makes a strategic decision that it later regrets, such as redacting a document rather than withholding it completely as privileged, it cannot later claim inadvertence to shield itself from the consequences of its own judgment call." *See* Case No. 21-693, Dkt. # 302 at 9–10; Case No. 20-424, Dkt. # 294 at 9–10; Case No. 22-965, Dkt. # 170 at 9–10 (quoting *F.T.C. v. Amazon.com, Inc.*, 2024 WL 3620467, at *6); *see also New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. CV 12-526 MV/GBW, 2017 WL 10606787, at *10 (D.N.M. Feb. 17, 2017), *report and recommendation adopted*, No. 1:12-CV-00526 MV/GBW, 2017 WL 10606786 (D.N.M. Feb. 17,

---

[10] The Court notes that these documents were downgraded and produced to Plaintiffs *before* Amazon produced its final privilege logs on February 25, 2025, and February 28, 2025. Case No. 21-693, Dkt. # 312 (sealed) at 5–6 ¶¶ 11, 17, 20; Case No. 20-424, Dkt. # 301 (sealed) at 5–6 ¶¶ 11, 17, 20; Case No. 22-965, Dkt. # 177 (sealed) at 5–6 ¶¶ 11, 17, 20. For example, Exhibit 64 was originally logged as wholly privileged on October 20, 2023, and later downgraded to privilege redact on October 28, 2024. Case No. 21-693, Dkt. # 298 at 3 ¶ 9; Case No. 20-424, Dkt. # 289 at 3 ¶ 9; Case No. 22-965, Dkt. # 167 at 3 ¶ 9. These documents remained logged as downgraded in Amazon's final logs produced on February 25, 2025, and February 28, 2025. Case No. 21-693, Dkt. # 312 (sealed) at 5–6 ¶¶ 11, 17, 20; Case No. 20-424, Dkt. # 301 (sealed) at 5–6 ¶¶ 11, 17, 20; Case No. 22-965, Dkt. # 177 (sealed) at 5–6 ¶¶ 11, 17, 20.

2017) (reasoning that the defendant's production of documents was not inadvertent when the defendant repeatedly represented to the court that it "carefully reviewed each document" and employed multiple levels of privilege review before logging the documents) (internal quotation omitted).

Amazon cites *Epic Games, Inc. v. Apple Inc.*, to support its contention that the disclosure of the documents was inadvertent. Case No. 20-cv-05640-YGR (TSH), 2025 U.S. Dist. LEXIS 34007, *12 (N.D. Cal. Feb. 25, 2025). In *Epic Games*, the court allowed Apple to claw back several documents that it had re-reviewed for privilege and produced with redactions. *Id.* at *13. According to Apple, these documents were substantially similar to a document that the Special Master in that case found to be privileged. *Id.* at *10. The court appears to have adopted the second approach to inadvertence—i.e., the court looked at Apple's subjective intent, "including the total number of documents reviewed, the procedures used to review the documents before production, and the actions of the producing party after discovering that the documents had been produced." *See T&W Holding Co., LLC*, 641 F. Supp. 3d at 382. The court flagged that "Apple used a large team of reviewers to make privilege calls on a large number of documents[.]" *Epic Games, Inc.*, 2025 U.S. Dist. LEXIS 34007, *13. In that case, Apple had re-reviewed 54,000 thousand documents within "a few weeks." *Id.* at *11. By contrast, Amazon re-reviewed about 100,000 documents over an eight-month period.

Thus, the Court does not conclude that the production of Exhibit 68 (and the six duplicate copies), Exhibit 69, and Exhibit 94 was inadvertent. [11]

---

[11] Because Amazon has failed to meet its burden for one of the requirements under Rule 502(b), the Court need not address the other two elements. *See* Case No. 21-693, Dkt. # 302 at 10 n.5; Case No. 20-424, Dkt. # 294 at 10 n.5; Case No. 22-965, Dkt. # 10 n.5 (citing *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 446 (D. Md. 2012) ("Because Maxtena has failed to meet its burden with respect to at least one of the required elements of Rule 502(b), there is no need to address the other two prongs.")).

## IV
### CONCLUSION

For these reasons, the Court DENIES Amazon's motion.

Dated this 29th day of April, 2025.

                                            John H. Chun
                                            United States District Judge